GEORGE H. RANDALL *vs.* TRUMAN G. BANCROFT & another.

If, on a petition for review of a judgment, a bond is given providing that the petitioner " shall forthwith prosecute a review of said action to final judgment, and satisfy such ex-ecution as may be issued against him on the review," and no writ of review is granted, but the petition is dismissed, there is a breach of the condition of the bond.

CHAPMAN, J.    This was an action of contract to recover dam-ages for a breach of the condition of a bond given by the defendants on a petition for review of a judgment.    It appears that the plaintiff recovered a judgment against the defendant Bancroft, and an execution was issued and placed in the hands of an officer, by whom Bancroft was arrested.    After his arrest he filed a petition for a review of the action, and prayed for a stay or supersedeas of the execution.    Proceedings in review are regulated by Gen. Sts. *c.* 146, §§ 19–38.    By § 38 it is pro-vided that " after the rendition of judgment in a civil action, if the execution has not been satisfied, the court or justice, upon the petition of the defendant, may order a stay or supersedeas of it, if the petitioner gives to the adverse party security to the satisfaction of the court or justice, with condition that he will forthwith prosecute a writ of review to final judgment, and sat-isfy such execution as may be issued against him on the review. The execution shall not otherwise be stayed or superseded by the writ of review."    Bancroft gave a bond which the other de-fendant, Butterfield, executed as his surety, and its condition was in conformity with the words of the statute.    It is as fol-lows : " Now if the said Bancroft shall forthwith prosecute a review of said action to final judgment, and satisfy such exe-cution as may be issued against him on the review, then this bond shall be void ; otherwise, the same shall remain in full force."    Upon a hearing of the parties on the petition for review

the petition was dismissed, and of course the writ was not prose-
cuted. It is now contended that the condition of the bond is
not broken, on the alleged ground that the dismissal of the peti-
tion is not a case contemplated by the bond or by the statute.
It is said that the statute is defective in this respect, and that
the bond is also defective.

But if the condition of the bond is to be construed literally, it
has been broken, for the petitioner has failed "to prosecute a
review of the action to final judgment." The spirit and intent
of the statute are also in conformity with this construction.
Where a party is not absolutely entitled of right to a review,
his right to it is dependent upon the discretion of the court.
But this discretion is guided by general principles and rules, and
the party knows when he files his petition that he must establish
a case entitling him to a writ of review according to these prin-
ciples and rules. By a stay or supersedeas of execution, his
property becomes exempt from levy and his body from arrest,
and if property has been attached on mesne process the effect is
usually to discharge the attachment, because the process is usu-
ally kept pending till after thirty days from the time of judgment
have elapsed.

It is but reasonable, therefore, that he should give such a bond
as will throw upon him the risk of being able to establish such
a case by evidence as will induce the court to grant him a writ
of review. If he is not able to establish such a case, the fault is
his own, and it would be unjust to the plaintiff to release the
defendant from his bond on that ground. The statute evidently
intends to put the risk upon him, and prescribes a condition
accordingly.

The 38th section of the statute differs from Rev. Sts. *c.* 99,
§ 22. The change was evidently made in consequence of the
opinions and suggestions expressed in *Lehan* v. *Good*, 8 Cush.
302, and *Gifford* v. *Whalon*, Ib. 428; and the propriety of the
change is made further apparent by the case of *Green* v. *French*,
1 Allen, 265.

The defendants are not, upon any principle of justice or
equity, excused from the performance of the condition of their

bond, on the ground that the decision of the court operated as an inevitable necessity to prevent the prosecution of the writ of review. The general doctrine on that subject, as stated in *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, is, that when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. The contract in this case was voluntarily made by the defendants for the purpose of obtaining the advantage of the supersedeas, and the consequent discharge of Bancroft from arrest. The law compelled the plaintiff to accept it whether he would or not, and he ought to have the benefit of it.

*Judgment for the plaintiff.*

*J. F. Pickering*, for the plaintiff.

*H. W. Muzzey*, for the defendant Butterfield.